Judge Mills
delivered the opinion.
This is an attachment, issued by a justice of the peace, and returned to the circuit court. The defendant appeared and demurred to the attachment. The court below overruled the demurrer, and gave judgment for the plaintiff; to reverse which, this writ of error is prosecuted.
It is now contended in this court, that the attachment is defective, in not making proferí of the notes evidencing the debt ror which the attachment issued. It has been decided by tliis court, that an attachment ought to state the demand for which it was brought, sufficiently .explicit to make it a good bar in a future action for the same cause. But it never has been held, that it should possess all the requisites of a declaration. An attachment mast answer the end of process as well as pleading, unless a declaration is filed And in no instance has process been deemed invalid, because it wants profert; nor is profert known in process. Nor do we conceive such requisition ought to be extended to an attachment of this character. It is a requisite in pleading only.
Au attachment is in the nature of need^not*" make proferí of the note ⅛°founded— if it is so spe-eial as ⅛ bar twiffor & the same cause, it is good,
Humphreys for plaintiff, Breckenridge for defendant.
ft ¡s also objected, that the right of the plaintiff below to one of the notes, on which the attachment is founded? is not explicitly- staled. I nc note is said, in (he attach* meat, to have leen executed by the defendant below to Gabriel Tandy. But it is alleged in the attachment that Tandy is the assignor of the plaintiff, as to said note, and the plaintiff is declared to be the owner thereof. This we deem a sufficient allegation to sustain the attachment, and to authorise a judgment in favor of the plaintiff below for the amount of that bote. Besides, the attachment is founded on another note, which is explicitly set out iwevery par^ an(j shewed that the plaintiff below had a good cause-of action to that amount at least. As the defendant below risqued his case on a demurrer, this note alone was suffi-c¡ent to sustain the attachment. On a demurrer, the ques-**00 was not’ whether the plaintiff was entitled to less than he had demanded, but whether he was entitled to any thing, admitting all his allegations to be true, if the small ll0le wa® not suffic¡enlly set out, as to its assignment, to warrant thejudgment, the defendant might, by some means, have attempted to exclude it in evidence, and thereby have lessened the judgment. Thai course he did not take in the court below, nor does he complain of the amount of the judgment by an assignment of error in this court.
It is alleged that the attachment and bond is defective in other respects. We do not perceive any thing in either, which does not fully comply with the requisites of the act of assembly, under which the proceedings were bad. Besides, this assignment of error is too general to be further noticed.
Thejudgment mus! be affirmed with damages and costs,